UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Brandon Christopher Bush, | Case No. 17-cv-3129 (WMW/SER) |
| Petitioner, | |
| v. | **ORDER ADOPTING REPORT AND RECOMMENDATION** |
| Michelle Smith, | |
| Respondent. | |

---

This matter is before the Court on the November 22, 2017 Report and Recommendation (R&R) of United States Magistrate Judge Steven E. Rau. (Dkt. 11.) The R&R recommends that Petitioner Brandon Christopher Bush's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be denied as procedurally defaulted and that no certificate of appealability be issued. Bush timely objected to the R&R. Because Bush fails to demonstrate cause for his procedural default or that the failure to consider his claim is a fundamental injustice, the Court overrules Bush's objection and adopts the R&R.

Bush's habeas petition alleges that his underlying state conviction violated the rights guaranteed to him by the United States Constitution because the state court's jury instructions contained numerous alleged errors. Because Bush failed to assert in the trial court his challenge to the jury instructions, however, the Minnesota Court of Appeals reviewed Bush's arguments for plain error and affirmed his conviction. *State v. Bush*, A16-0430, 2017 WL 958472, at *4 (Minn. Ct. App. Mar. 13, 2017), *rev. denied* (Minn. May 30, 2017). For this reason, the R&R determines that Bush procedurally defaulted

the constitutional claims underlying his habeas petition. *See Clark v. Bertsch*, 780 F.3d 873, 874 (8th Cir. 2015) (holding federal habeas claim procedurally defaulted when state appellate court reviewed claim for plain error after petitioner failed to assert objection during underlying trial). Because Bush does not demonstrate cause for the procedural default or that the failure to consider his petition would result in a fundamental miscarriage of justice, the R&R recommends denying Bush's petition. *See Coleman v. Thompson*, 501 U.S. 722, 750 (1991) (explaining that a petitioner may overcome a procedural default by demonstrating "cause for the default and actual prejudice as a result of the alleged violation of federal law" or "that failure to consider the claims will result in a fundamental miscarriage of justice").

Bush objects to the R&R's recommendation to deny his habeas petition as procedurally defaulted because, Bush contends, any procedural default should be excused. The Court reviews Bush's objection de novo. *See* 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3); LR 72.2(b)(3); *Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (per curiam). When liberally construed, Bush's argument is that his state-appointed counsel's failure to object to the allegedly erroneous jury instructions constitutes ineffective assistance of counsel and demonstrates cause for any procedural default. *See Williams v. Carter*, 10 F.3d 563, 567 (8th Cir. 1993) (noting that pro se filings should be liberally construed to avoid losing meritorious claims through inadvertence or misunderstanding). But a claim of ineffective assistance of counsel is procedurally defaulted when it is not made during state proceedings; and the claim cannot be revived unless it is independently justified. *Edwards v. Carpenter*, 529 U.S. 446, 453 (2000). Bush's objection is overruled because neither Bush's petition nor any other document in the record

2

establishes that Bush asserted a claim of ineffective assistance of counsel during his state proceedings or explains his failure to do so.

Bush objects to no other aspects of the R&R. Therefore, the Court reviews the remaining portions of the R&R for clear error. *See Grinder*, 73 F.3d at 795; *see also* Fed. R. Civ. P. 72(b) advisory committee's note ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."). Having reviewed the aspects of the R&R to which Bush did not object, the Court finds no clear error.

## ORDER

Based on the foregoing analysis, the R&R, and all the files, records and proceedings herein, **IT IS HEREBY ORDERED**:

1. Petitioner Brandon Christopher Bush's objection to the R&R, (Dkt. 12), is **OVERRULED**;

2. The November 22, 2017 R&R, (Dkt. 11), is **ADOPTED**;

3. Petitioner Brandon Christopher Bush's Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus, (Dkt. 1), is **DENIED**;

4. This action is **DISMISSED WITH PREJUDICE**; and

5. The Court declines to grant a Certificate of Appealability under 28 U.S.C. § 2253(c).

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: January 24, 2018                    s/Wilhelmina M. Wright
                                           Wilhelmina M. Wright
                                           United States District Judge

3